GETZ BROS. & CO. v. ALASKA PACKERS' ASS'N.

(Court of Appeals of District of Columbia. Submitted March 12, 1919. Decided May 5, 1919.)

No. 1208. Patent Appeals.

1. TRADE-MARKS AND TRADE-NAMES ⬡⟿21—REGISTRATION.

"Premium," as a trade-mark for canned salmon, is not entitled to registration, where the opposing party had previously used the word "Premier" as a mark for the same kind of goods.

2. TRADE-MARKS AND TRADE-NAMES ⬡⟿44—PRIORITY—SUFFICIENCY OF EVIDENCE.

Evidence *held* to sustain a finding by the commissioner of patents that opposer's predecessor, had used the word "Premier" as a trade-mark for canned salmon before the applicant used the word "Premium" for the same kind of goods.

Appeal from Commissioner of Patents.

Application by Getz Bros. & Co., to register a trade-mark, opposed by Alaska Packers' Association. From a decision of the Commissioner of Patents, denying registration, the applicant appeals. Affirmed.

The opinion of the Commissioner of Patents, mentioned by the court, is as follows:

This is an appeal from the decision of the Examiner of Interferences, sustaining the opposition of the Alaska Packers' Association to the registration by Getz & Co. of the word "Premium" for canned salmon. The opposition is based on what opposer claims to be the prior use of the word "Premier," registered December 4, 1894, No. 25,610, for the same goods.

Although these marks have been used side by side for many years, and there is no proof of any actual confusion, still I hold with the Examiner of Interferences that the words are too close together, having much the same sound and appearance, and a similar meaning. See the very recent decision of the Court of Appeals of the District of Columbia in Goodrich Drug Co. v. Cassada Mfg. Co., 237 O. G., 918, holding "Velvelite" too close to "Velvetina."

The goods being the same and the marks too nearly alike, it only remains to be decided who first adopted the mark. Opposer claims to have acquired its mark "Premier" from the Kodiak Packing Company, which it bought out in 1893, having at the same time consolidated four or five other salmon packing companies into opposer company, and with this business acquired its trademark (Exhibit No. 2), which included 244 Premier labels and 714 Premier boxes. Indeed, applicant does not contest these facts, or that opposer has used "Premier" on canned salmon since May, 1893.

Getz, president of the applicant company, was formerly one of the principal owners of the Kodiak Packing Company; but he says that the Kodiak Packing Company had no such mark as "Premier" (Getz record, page 273). In this he is probably mistaken, since the Kodiak Packing Company registered "Premier" in Great Britain, January 6, 1892. This, together with the "Premier" labels taken over from the Kodiak Packing Company by the opposer company, fortified by the testimony of Fortman, president of the opposer company, makes it very probable that opposer company bought "Premier" from the Kodiak Packing Company in 1893.

There is no record evidence of the use of "Premium" by applicant prior to 1908. Applicant's records, however, were burned in the San Francisco fire of 1906; but there is no showing why some records between 1906 and 1908 have not been produced. Applicant's witnesses, Stimson, Phillips, and Getz, testify from memory that "Premium" was used by the applicant company as far

back as 1886 or 1887; but such testimony, without any record of sales, after the lapse of 30 years, is liable to be wrong. There even may have been ephemeral use, but not enough to establish trade-mark rights. Furthermore, the Kodiak Company, with which Getz was connected, had used "Premier," and they may have confused the two. An illustration of how they may have confused matters after so long an interval is shown in Getz's testimony. He seemed quite positive (applicant's record, page 273) that the Kodiak Packing Company had never used "Premier" back in 1893, when the record shows that in all probability it had.

Furthermore, as brought out in the Examiner's decision, unlabeled salmon was not generally sold to jobbers until 1898. The applicant company was a jobber, and probably got salmon already labeled from the packer. And, lastly, applicant in its application only alleges use back to 1896.

A careful review of all these circumstances leads to the conclusion that there is no error in the Examiner's decision giving opposer prior use, and, since the marks are too near together, the opposition is sustained, and the decision of the Examiner of Interferences is affirmed.

E. T. Fenwick and L. L. Morrill, both of Washington, D. C., for appellant.

Alex S. Stewart, of Washington, D. C., Chas. E. Townsend, of San Francisco, Cal., and Church & Church, of Washington, D. C., for appellee.

PER CURIAM. The appellant sought the registration of the word "Premium" as a trade-mark for canned salmon. This was opposed by the appellee, who asserted that it was the prior user of the word "Premier" as a mark on the same kind of goods; that its mark was registered in the Patent Office in 1894; that the two words had much the same sound and appearance, and a similar meaning; and that the use of them by both parties upon the goods in question would be likely to produce confusion in trade. The opposition was sustained by the Examiner of Interferences, and his action affirmed on appeal by the Commissioner.

[1, 2] We think the Patent Office was right, and we affirm the Commissioner's decision, for the reasons given in his opinion, as well as upon the authority of Thomas Manufacturing Co. v. Æolian Co., 47 App. D. C. 376, 378, and cases there cited.

Affirmed.