## CHRISTO MFG. CO. v. CHRISTIAN MOERLEIN BREWING CO.

(Court of Appeals of District of Columbia. Submitted March 10, 1920. Decided May 3, 1920.)

No. 1301.

Trade-marks and trade-names ☾⇒21—Beverage of applicant held similar to those of opposer having similar trade-marks.

Where the evidence of the opposer of an application for a trade-mark that the applicant's product was a nonintoxicating cereal beverage, and that opposer manufactured a near-beer beverage, was not contradicted, the conclusion is inevitable that the goods of the applicant possessed the same descriptive qualities as those of the opposer, so that it was error to permit the registration of a trade-mark similar to that of the opposer.

Appeal from the Commissioner of Patents.

Application by the Christian Moerlein Brewing Company for the registration of a trade-mark, opposed by the Christo Manufacturing Company. From a decision overruling the objection opposer appeals. Reversed.

Melville Church and A. S. Steuart, both of Washington, D. C., for appellant.

Titian W. Johnson, of Washington, D. C., for appellee.

SMYTH, Chief Justice. The Christian Moerlein Brewing Company made application for the registration of the word "Chrismo," alleging that it had been adopted by it and used continuously in its business since September 25, 1916. The application is opposed by the Christo Manufacturing Company, who is the owner of the trademark "Christo," registered April 29, 1913. The Examiner of Interferences sustained the opposition. On motion he granted a rehearing, re-examined the question, and decided to adhere to his first view. He was reversed on appeal, and the opposition was overruled.

The resemblance of the two marks is conceded, but it is urged by the applicant that they are not applied to goods of the same descriptive qualities. The applicant's product is, according to its application, "a nonalcoholic beverage sold as a soft drink." By agreement a circular issued by the applicant was made part of the record. It says "that the goods of the applicant is a nonintoxicating cereal beverage containing no malt or alcohol." No testimony was offered by the applicant. On cross-examination of one of the opposer's witnesses, it was developed that the opposer manufactured "a near-beer beverage" called "Christo Lager Ale," which is not intoxicating, and that it had been doing so for over a year prior to the taking of the testimony. If

☾⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

this was not true, it could easily have been contradicted; but no effort was made by the applicant to do so. Hence we must assume that it is true. In view of this there is no escape from the conclusion that the goods of the applicant possess the same descriptive qualities as those of the opposer; and, this being so, the opposition must be sustained, and the decision of the Patent Office reversed. Thomas Mfg. Co. v. Æolian Co., 47 App. D. C. 376; Getz Bros. & Co. v. Alaska Packers' Ass'n, 49 App. D. C. ——, 258 Fed. 526.

Reversed.